Jose GRIMALDI, Petitioner–Appellant,

v.

K. HOLLAND, Respondent–Appellee.

No. 14–56888

United States Court of Appeals,
Ninth Circuit.

Submitted September 27, 2016 *

Filed October 03, 2016

---

* The panel unanimously concludes this case is suitable for decision without oral argument.

Kay Otani, FPDCA—Federal Public Defender's Office, Riverside, CA.

Attorney General CES, Esquire, Xiomara Costello, Los Angeles, CA.

Before: TASHIMA, SILVERMAN, and M. SMITH, Circuit Judges.

MEMORANDUM **

California state prisoner Jose Grimaldi appeals from the district court's judgment dismissing his 28 U.S.C. § 2254 habeas petition. We have jurisdiction under 28 U.S.C. § 2253. We review de novo a dismissal for failure to exhaust, *see Rhoades v. Henry*, 638 F.3d 1027, 1034 (9th Cir. 2011), and we vacate and remand.

Grimaldi contends that the district court erred in dismissing his habeas petition as unexhausted because it had discretion to stay the proceedings. After the district court dismissed Grimaldi's petition, this court held in *Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016), that "a district court has the discretion to stay and hold in abeyance fully unexhausted petitions under the circumstances set forth in *Rhines v. Weber*, 544 U.S. 269 [125 S.Ct. 1528, 161 L.Ed.2d 440] (2005)." We, therefore, vacate and remand for the district court to determine in the first instance whether Grimaldi is entitled to a stay and for any further proceedings.

We express no opinion as to the merits of Grimaldi's claims, or whether the procedural requirements of 28 U.S.C. § 2244(d)

See Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

are satisfied or Grimaldi is entitled to equitable tolling.

All pending motions are denied as moot. **VACATED and REMANDED.**

* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.